240

No. 21264

RICHARD MARCHETTI AND BEVERLY MARCHETTI *v*. DAVID
ALLEN DENNY, BY HIS NATURAL MOTHER AND NEXT FRIEND,
BARBARA C. DENNY AND GERALD W. DENNY.
(429 P.2d 286)

Decided July 3, 1967.

Duane O. Littell, Joseph R. Quinn, for plaintiffs in error.

Marvin Dansky, Edward B. Towey, for defendants in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The parties will be referred to by name or as they appeared in the trial court where the Dennys were plaintiffs and the Marchettis were defendants.

David Allen Denny age nine years was bitten by a dog belonging to the Marchettis. Appearing by Barbara C. Denny "his natural mother and next friend" he filed his complaint for compensatory damages, and also sought exemplary damages in the sum of $5,000. Gerald W. Denny, father of the boy, asked for judgment of $1,445 for damages allegedly sustained by him. Pertinent allegations of the complaint were denied by the defendants and they raised an issue of contributory negligence.

Trial was to a jury and at the conclusion of the evidence the trial court directed a verdict in favor of the plaintiffs on the issue of liability, and submitted to the jury only the amount of compensatory damages to be awarded the plaintiffs under the evidence. The jury returned a verdict in favor of the boy for $500 and a verdict in favor of the father for $100. Judgment entered on each of the verdicts. The plaintiffs, being dissatisfied with the amounts awarded them, filed a motion for a new trial and asserted that the damages awarded were grossly inadequate. On January 6, 1964, the trial court granted a new trial, over the objection of counsel for the defendants, and set April 10, 1964, as the date for retrial on the issue of compensatory damages alone.

On January 20, 1964, the Marchettis filed their written election to stand upon the record as made at the trial which resulted in the verdicts hereinabove mentioned, and elected not to participate in the second trial. It was their position that the trial court erred in granting the plaintiffs' motion for a new trial. Under the rule then in force, the Marchettis feared to participate in a second trial for the reason that to do so might have constituted a waiver of the claimed error of the court in granting a new trial. (Since that time the rule has been changed and a litigant is no longer required to make the election which the Marchettis were called upon to make. Rule 59 [g].)

■■ The defendants did not participate in the second trial. A new jury was selected and after hearing the testimony offered by David, his mother, and his father, relating to the dog bite suffered by David, the jury returned a verdict in favor of David for the sum of $6,000 and a verdict in favor of the father for the sum of $500. We find nothing in the record of the first trial which justified the trial court in granting the motion for a new trial. It is obvious that the trial court felt a verdict for a larger sum in favor of the boy was indicated by the evidence, and that the court would have found a larger amount had it been charged with the responsibility of fixing the amount of the damage. However, in this case it was the sole province of the jury to perform this function.

■ The plaintiffs are in a position where they must argue that, as a matter of law, a verdict for $500 plus $100 for cash out-of-pocket expense is inadequate to compensate a nine year old boy for a dog bite in the back of the left thigh, which heals in a few weeks and results in no permanent disability of any kind. This argument we cannot accept. The verdict of the jury in the first trial is not so manifestly unjust and unreasonable as to justify the trial court in substituting its judgment for

that of the jury. The motion for a new trial should have been denied.

The judgments are reversed and the cause remanded with directions to vacate the judgments entered following the second trial, and to enter judgments pursuant to the verdicts returned by the jury in the first trial.

MR. JUSTICE DAY not participating.